IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAVID OHLINGER,

                Petitioner,                            ORDER

    v.

                                                            11-cv-799-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

                Respondent.

---

On November 30, 2011, state inmate John David Ohlinger filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Racine County Case No. 02CF224. On August 22, 2012, the court granted Ohlinger's motion to stay and abate this case so that he could exhaust available state court remedies with respect to some of his claims for relief. On November 13, 2013, the court reinstated this case and granted Ohlinger leave to file a supplemental petition, which he submitted on December 23, 2013. *See* Dkt. # 11, *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 [and] Supplemental Memorandum*. The state filed a response to the supplemental petition and the court has since granted Ohlinger *three* extensions of time, up to and including December 1, 2014, in which to submit additional briefing if he wished to do so.

To date, Ohlinger has still submitted no additional briefing in support of his supplemental petition. Instead, on December 1, Ohlinger filed a motion to dismiss this case without prejudice to allow him to return to state court again to exhaust state court remedies with respect to a new list of claims: "Suppression of exculpatory evidence, cumulative ineffective assistance of counsel; judicial abuse of discretion – refusal to allow a meritorious defense, federal pre-emption of state law, perjury by a prosecution witness, prosecutorial

misconduct; 4th Amendment violation under 47 U.S.C. § 605(b); unlawful disclosure of communications; actual innocence; fundamental miscarriage of justice; unreasonable application of the law; failure by counsel to investigate exculpatory issues." Dkt. # 80, at 1-2. The state filed a response in opposition to that motion, noting that the statute of limitations on federal habeas corpus review has expired and that a dismissal at this point would necessarily result in prejudice to Ohlinger. After considering the state's response, Ohlinger "amended" his motion to dismiss, effectively seeking to withdraw it from the court's consideration while renewing his request for a second stay so that he can return to this court after exhausting state court remedies on his new list of additional claims. Ohlinger's amended motion for a stay will be denied for reasons set forth briefly below.

Requests to stay a federal habeas proceeding are governed by the criteria found in *Rhines v. Weber*, 544 U.S. 269 (2005). In that case, the Supreme Court held that district courts may stay a mixed petition, containing both exhausted and unexhausted claims, only in "limited circumstances." *Id*. at 277. To obtain a stay under *Rhines,* a petitioner must show good cause for his failure to exhaust. *Id*. Assuming that good cause is shown, the court must find that the unexhausted claims are potentially meritorious and that petitioner has not engaged in "abusive litigation tactics or intentional delay[.]" *Id*. at 277, 278; *see also Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006).

Ohlinger fails to establish good cause for a further stay under *Rhines* for several reasons. First, Ohlinger has already exhausted his state court remedies with respect to the claims in his pending petition, meaning that his is not a mixed petition of the sort at issue in *Rhines*. Nor has he otherwise shown that the proposed claims are appropriate to include in an amended petition. As the respondent notes, the statute of limitations has run. It is not

clear that Ohlinger's proposed claims will relate back to his original petition. *See Mayle v. Felix*, 545 U.S. 644, 663-64 (2005). Ohlinger has not even shown that his contemplated state court remedies remain available at this point. As a result, review of his proposed claims is likely barred by the doctrine of procedural default. Second, Ohlinger does not establish the requisite good cause for a stay. In that respect, the court has already granted Ohlinger a stay in 2012, allowing him to return to state court for the purpose of exhausting his state court remedies. Ohlinger offers no explanation for his glaring failure to exhaust state court remedies with respect to all of his proposed claims before filing his supplemental petition in this case in 2013. Third, Ohlinger does not attempt to demonstrate that any of his proposed unexhausted claims have merit. Accordingly, the court will not grant Ohlinger any further stays in this case to state court and exhaust additional claims.

In a separate motion, Ohlinger also requests a stay of further proceedings in this case while he receives medical treatment. Ohlinger explains that he was badly beaten by another inmate at CCI, resulting in a concussion, broken nose, two broken ribs, a broken shoulder blade and other serious injuries. Ohlinger indicates that he (1) has required extensive medical care as a result of this incident, (2) has been transferred to a prison medical unit at Dodge Correctional Institution, and (3) currently lacks access to legal resources or materials.

This case has already been pending for over a year since Ohlinger submitted his supplemental petition. Moreover, Ohlinger also filed a memorandum in support of his claims for relief at the time of filing the supplemental petition, which means Ohlinger is *not* obligated to file additional briefing in support of his petition at this time. Under these circumstances, the court will not grant a stay, but will grant a fourth *and final* extension of time so that Ohlinger can file an additional brief in support of his supplemental petition, if he wishes to do

so.

Should Ohlinger wishes to file any additional briefing at this point, he must do so within ninety days of the date of this order. Moreover, any additional brief in support filed by Ohlinger must be limited to the claims presented in his supplemental petition, dkt. # 11. No further extensions will be granted except upon a substantial showing of good cause.

ORDER

IT IS ORDERED that:

1. The clerk's office shall TERMINATE petitioner John David Ohlinger's motion to dismiss this case without prejudice (dkt. #80) as withdrawn by the petitioner.

2. Ohlinger's amended motion for a stay to return to state court (dkt. #85) is DENIED.

3. Ohlinger's motion to stay further proceedings while he receives medical treatment (dkt. #87) is GRANTED in part and DENIED in part as set forth above.

4. Ohlinger may have **ninety (90) days** from the date of this order in which to file any additional briefing in support of his supplemental petition. Any additional brief in support filed by Ohlinger must be limited to the claims presented in his supplemental petition (dkt. #11). **No further extensions will be granted** except upon substantial good cause shown.

5. Once Ohlinger files his supplemental brief in response to this order, or the time to do so expires, respondent will have thirty (30) days in which to file a brief in opposition to the supplemental petition. Once the respondent files his brief in opposition, Ohlinger will have twenty days (20) to file a reply if he wishes to do so.

Entered this 15th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge