IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAVID OHLINGER,

               Petitioner,                                ORDER

    v.                                                 11-cv-799-wmc

MARC CLEMENTS, Warden,
Dodge Correctional Institution,

               Respondent.[1]

---

Petitioner John David Ohlinger seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction. Citing his status as an indigent inmate, Ohlinger requests free copies of certain court documents filed by him previously in this case. Alternatively, Ohlinger now seeks an order directing prison officials to allow him to use the funds in his release account to pay for copies of these court documents.

While the court does have an indigent rate for copies of court documents, it does not provide copies free of charge for indigent litigants. Accordingly, Ohlinger's request for free copies is denied.

The use of inmate release account funds is governed by state law. Wis. Admin. Code § DOC 309.466. According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." While the Supremacy Clause of the United States Constitution requires state law to give way to a competing federal law in

---

[1] Ohlinger indicates that he has been "permanently" transferred from the Columbia Correctional Institution to the Dodge Correctional Institution. Accordingly, Warden Marc Clements is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

rare instances, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), there is no federal law that requires state officials to give prisoners money from their release account to pay the costs of legal supplies. Therefore, the court will deny Ohlinger's motion to use funds from his release account.

Ohlinger also request an additional 30 days in which to submit a brief in support of his supplemental petition. The court has already granted Ohlinger several extensions of time in this case, which has been lingering on this court's docket since 2011. In an order entered on January 15, 2015, which granted Ohlinger a 90-day extension of time, the court advised Ohlinger that no further extensions would be granted "except upon substantial good cause shown." (Dkt. # 88). As noted previously, Ohlinger has already supplied briefing in support of the supplemental petition that he filed in 2013. (*See* Dkts. ## 2, 11.) Because Ohlinger has already submitted briefing in support of his petition, he does not demonstrate cause for an additional extension. Ohlinger will have another opportunity to submit a brief in opposition to whatever the respondent files in this case. Accordingly, Ohlinger's request for an extension of time will be denied.

ORDER

IT IS ORDERED that petitioner John David Ohlinger's motion for free copies, to use funds from his release account and for a 30-day extension of time (Dkt. # 89) is DENIED.

Entered this 5th day March, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

2