IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAVID OHLINGER,

                    Petitioner,                    OPINION and ORDER

    v.

                                                    11-cv-799-wmc

WILLIAM POLLARD, Warden,
Dodge Correctional Institution,

                    Respondent.

---

Petitioner John David Ohlinger filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Racine County Case No. 02CF224 for attempted first-degree sexual assault of a child and child enticement, each as a persistent child sex offender. The state filed an answer, along with records from the relevant state court proceedings, and both parties have submitted briefing, making the petition ripe for decision. Having reviewed the petition, the parties' arguments and the relevant state court decisions, the court concludes that Ohlinger's petition must be denied.

BACKGROUND[1]

A.    **Investigation and Charges**

A sting operation by law enforcement caught Ohlinger using the internet to solicit sex with what he thought was a twelve-year-old girl. In fact, Ohlinger had been

---

[1] The following facts are taken from the petition and the state court records provided by petitioner and the state.

communicating by internet and phone with two police officers, one posing as an adult woman with a 12-year old daughter, and the other posing as the daughter.  Ohlinger was originally charged with conspiracy to commit first-degree sexual assault of a child, conspiracy to commit child enticement by sexual contact, attempted first-degree sexual assault of a child, and child enticement, each as a persistent child sex offender.  *See Wisconsin v. Ohlinger*, Racine County Case No. 2002CF224.

After cycling through several appointed attorneys, Ohlinger insisted on representing himself.  He then moved to dismiss all charges on grounds that the warrantless recording of his conversations with the officers posing as mother and daughter violated Wisconsin's Electronic Surveillance Control Act.  He also moved to dismiss the conspiracy charges on ground that the undercover officers were merely feigning participation in a criminal scheme.  The court rejected Ohlinger's arguments regarding the surveillance, concluding that the recording was not an "intercept" subject to the surveillance statute.  However, the state agreed to drop the conspiracy charges, and the court granted Ohlinger's motion to dismiss those charges.  The state then filed an amended complaint, which included only the attempt charges.

**B.    Court Trial**

Shortly before the scheduled trial date, Ohlinger asserted that he was no longer competent to represent himself, and the court appointed Attorney Richard Hart, who had been acting as his stand-by counsel, to represent him.  At the defense's request, the court also ordered that Ohlinger undergo a psychological evaluation to determine if he was

competent to stand trial.

During a June 27, 2006 hearing, the court determined that Ohlinger was competent to stand trial.   At the same hearing, Ohlinger waived his right to have his case heard by a jury.

The court then conducted a three-day bench trial beginning on June 28, 2006.   In a 16-page written decision issued July 3, 2006, the court summarized the facts adduced at trial, including that Ohlinger had created a web page discussing his interests in pedophilia and in finding other people with whom he could share his interest.   (*See* dkt. #28-2 at 48-72.)   After learning about the website, the Wisconsin Department of Justice contacted Ohlinger, with two DOJ agents posing as a mother and minor daughter.   Ohlinger had numerous telephone, email and instant messaging conversations with the agents, which were recorded and presented at trial.   During the conversations, the agents and Ohlinger made a plan to meet at a truck stop in Racine, where Ohlinger would take them to New Orleans in his truck.   At the truck stop, Ohlinger was arrested by DOJ agents.

The state court found Ohlinger guilty of attempted first-degree sexual assault of a child and child enticement, each as a persistent child sex offender.   He was sentenced on July 25, 2006.

The charge of child enticement as a persistent child sex offender carried a mandatory sentence of life without possibility of supervised release.   The court imposed the life sentence, as well as a concurrent sentence of 40 years' initial confinement and 20 years' extended supervision on the attempted first-degree sexual assault charge.   (*See* dkt. #28-1.)

C.      **Post-conviction Motion and Direct Appeal.**

Ohlinger filed a motion for post-conviction relief, reasserting his claims that the interception of his internet and telephone communications with law enforcement officers violated the Wisconsin Electronic Surveillance Control Act ("WESCA").   (Dkt. #28-2 at 64.)   The trial court denied that motion, concluding it was not error to admit evidence of the recordings because they were obtained in compliance with WESCA.   Even if obtained in violation of WESCA, the court found other, overwhelming evidence supporting the conviction, such as the officers' testimony of their communications with Ohlinger.   (*Id.* at 64-69.)

Represented by a state public defender, Ohlinger appealed that judgment and the order denying postconviction relief.   In his opening brief, he again raised the argument that the government's acquisition of the communications between Ohlinger and the agents violated WESCA, requiring suppression under that statute and the Fourth Amendment.   (*See* dkt. #28-2 at 16.)   The Wisconsin Court of Appeals rejected Ohlinger's arguments, affirming his conviction on both counts after concluding that the circuit court properly denied Ohlinger's motion to suppress because the interceptions of the communications did not violate state law.   *See State v. Ohlinger*, 2009 WI App 44, 317 Wis. 2d 445, 767 N.W.2d 336.   The Wisconsin Supreme Court denied Ohlinger's petition for review on September 11, 2009.

4

**D.      Petition for Writ of Habeas Corpus Pursuant to *Knight*.**

Ohlinger next filed a *pro se* petition for a writ of habeas corpus in the Wisconsin Court of Appeals under *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1991), alleging ineffective assistance of counsel on three grounds:  (1) his trial and appellate attorneys should have sought dismissal of the attempt charges on preclusion grounds after the conspiracy charges were dismissed; (2) appellate counsel should have argued that the intercept was unlawful under provisions of the federal wiretap law limiting the crimes for which an intercept may be authorized, as well as failing to make additional arguments for exclusion under Wisconsin's surveillance laws; and (3) appellate counsel should have argued that the investigation and prosecution of his crime resulted in denial of his right to equal protection because law enforcement was not required to get a warrant before intercepting his communications.  (*See* dkt. #28-9.)

The Court of Appeals again rejected Ohlinger's arguments, concluding that counsel did not err by pursuing the arguments identified by Ohlinger because each argument would have failed.  *See State v. Ohlinger*, 2010AP1413-W (Wis. Ct. App. Feb. 10, 2011) (dkt. #28-12).  Ohlinger filed a petition for review with the Wisconsin Supreme Court, which was denied on September 1, 2011.

**E.      Motion for Post-conviction Relief under Wis. Stat. § 974.06.**

On October 6, 2011, Ohlinger then filed a second, *pro se* motion for postconviction relief in state court pursuant to Wis. Stat. § 974.06.  (Dkt. #28-17 at 33, 45.)  Ohlinger argued that trial counsel was ineffective for failing to seek dismissal of the attempted child

enticement and child enticement charges on issue preclusion grounds, as well as for failing to seek suppression of the communications between Ohlinger and the agents under federal law.   The state trial court denied Ohlinger's § 974.06 motion on January 27, 2012, which Ohlinger appealed.

While that appeal was pending, Ohlinger also filed his habeas corpus petition under 28 U.S.C. § 2254 in this court, along with a motion to stay proceedings while he finished exhausting the claims he had raised in his § 974.06 motion.   This court granted that motion on August 22, 2012.   (Dkt. #4.)

On February 27, 2013, the Wisconsin Court of Appeals affirmed the state trial court's order on grounds that Ohlinger's § 974.06 motion was procedurally barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because Ohlinger had failed to raise his claims on direct appeal or in his *Knight* petition.   *See State v. Ohlinger*, 2012AP448 (Wis. Ct. App. Feb. 27, 2013) (unpub.) (dkt. #28-20).   Additionally, the court concluded that even if the claims were not barred, they lacked merit.   Ohlinger's petition for review of that decision in the Wisconsin Supreme Court was denied on October 21, 2013.

Ohlinger next filed a motion to reinstate his habeas case in this court, which was granted on November 13, 2013.   Ohlinger further filed a supplemental memorandum in support of his petition on December 23, 2013 (dkt. #11), and an addendum to the supplemental memorandum on April 10, 2015.   (Dkt. #92.)   In the interim, however, Ohlinger requested a second order to stay and abate proceedings to allow him to exhaust additional claims in state court (dkt. ##80, 85), which this court denied on January 15,

6

2015.  (Dkt. #88.)

## OPINION

In his § 2254 petition, Ohlinger contends that he is entitled to habeas relief for four reasons: (1) the circuit court lacked jurisdiction over his criminal case because the intercept of his communications with the officers violated federal and state electronic surveillance statutes; (2) the circuit court erred by failing to seal recordings and transcripts used as evidence in his case, as required by federal wiretap law; (3) the circuit court erred by failing to exclude evidence related to the dismissed conspiracy charges; and (4) trial and postconviction counsel rendered ineffective assistance by failing to argue certain grounds on which the recordings and transcripts should have been suppressed.   (Petition, dkt. # 1, at 6-11).   He has provided a memorandum and supplemental memorandum in support of these claims (dkts. #2, #11), to which defendant has responded (dkt. #99). For the reasons that follow, the court rejects each of the grounds advanced by petitioner for relief.

## I.    Exhaustion Requirement and Standard of Review

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief.   *See* 28 U.S.C. § 2254(b); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged

violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). To satisfy the exhaustion requirement, a petitioner is required to present his federal claims fairly to the state courts first in accordance with the state's procedural requirements so that the state courts have a meaningful opportunity to correct any mistakes. *See Martin v. Evans*, 384 F.3d 848, 854 (7th Cir. 2004); *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001).

To "fairly present" a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In other words, a petitioner is required to present the state courts with "the same [substantive] claim that he urges upon the federal courts." *Picard*, 404 U.S. at 275-76. If the petitioner misses the opportunity to present a claim to the state courts properly, then the claims are procedurally defaulted and federal review of the claim is forfeited. *See Lieberman*, 505 F.3d at 669.

If a claim was fairly presented to the state courts, however, federal courts will review the merits of the claim under the guidelines of 28 U.S.C. § 2254(d). To prevail under that provision, a petitioner must show that the state court's adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Alternatively, a petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

8

§ 2254(d)(2). Moreover, the standard outlined in § 2254(d)(1) is exacting and "highly deferential," *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 15 (2013), demanding that state courts be given "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). Similarly, a state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). This demanding standard authorizes relief only in cases "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 562 U.S. at 102.

As for § 2254(d)(2), a federal court may conclude that a state court decision was based on an unreasonable determination of the facts only "if it rests upon factfinding that ignores the clear and convincing weight of the evidence." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (citing 28 U.S.C. § 2254(e)(1) (quotation and citation omitted). In addition to the "formidable barrier" posed by this standard, *Titlow*, 134 S. Ct. at 16, a federal habeas corpus court reviewing a claim under § 2254(d)(1) must "presume that the [state] courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Id.* While demanding, these standards

9

are not insurmountable.  *Id.*  Unfortunately for petitioner, none of his arguments satisfy the standard.

## II.      State Circuit Court's Jurisdiction Over the Criminal Case

Petitioner argues that the intercept of his internet and telephone communications with the undercover agents violated certain provisions of the federal wiretap law, 18 U.S.C. § 2516(2) and 18 U.S.C. § 2518, as well as Wisconsin's Electronic Surveillance Control Act.  Petitioner argues further that these violations deprived the state court of subject matter jurisdiction over the criminal complaint.  Thus, petitioner asserts, the criminal proceeding violated his right to due process.

This claim fails for multiple reasons.  First, although petitioner argued in the trial court and on appeal that the electronic communications should have been suppressed based on electronic surveillance laws, he never fairly presented a claim in state court that it lacked subject matter jurisdiction over the criminal complaint based on violations of federal and state electronic surveillance law.  Instead, he made the jurisdictional argument for the first time in his petition for review from the court of appeals' February 27, 2013, summary order affirming denial of his § 974.06 motion.  (*See* dkt. #28-23 at 6-7.)

Petitioner appears to concede as much in his supplemental memorandum in support of his habeas petition, but argues that he was unfairly denied the opportunity to make a jurisdictional argument when the state court of appeals denied his motion for an extension of time to file a motion for reconsideration of the denial of his § 974.06 motion.

(*See* dkt. #11 at 1.)   Rather than bolstering petitioner's position, however, this assertion merely confirms that petitioner failed to preserve his argument on direct appeal, in his *Knight* petition or even in his initial § 974.06 motion.   Because petitioner failed to present his subject matter jurisdiction claim clearly to the state courts, it is now barred by the doctrine of procedural default.

Even if petitioner had exhausted this claim, it would fail on the merits as well. Indeed, petitioner argued several times in state court that interception of his electronic communications violated federal and state surveillance laws, albeit not as an issue of subject matter jurisdiction.   As the Wisconsin Court of Appeals correctly found, however, these intercepts were not illegal under state or federal wiretap laws.  *Ohlinger*, 2009 WI App 44, ¶ 14 (collecting cases).   Both the federal and state laws contain a one-party consent exception, which provides that it is not unlawful for "a person acting under color of law" to intercept a communication when one of the parties to the communication consents.   18 U.S.C. § 2511(2)(c); Wis. Stat. § 968.31(2)(b).

Here, law enforcement officers are considered "person[s] acting under color of law."  *Ohlinger*, 767 N.W.2d 336, ¶ 14.   Moreover, because the intercept was lawful under both the state and federal laws' one-party consent exception, judicial authorization of the intercept was not necessary.   As a result, § 2516(2), which lists the offenses for which investigating authorities must seek *authorization* for an intercept, does not apply; and likewise, § 2518, which addresses various requirements pertaining to judicially-authorized intercepts, does not apply.

Finally, even if the intercept violated the federal or state surveillance laws, the trial

court would still have jurisdiction over the criminal complaint after granting a motion to suppress the evidence.   The jurisdiction of Wisconsin circuit courts is established by Wis. Stat. § 753.03, which grants circuit courts the broad authority to "hear and determine, within their respective circuits, *all civil and criminal actions* and proceedings unless exclusive jurisdiction is given to some other court."   (Emphasis added).   Petitioner has cited no authority suggesting that the legality of a search or seizure could affect a trial court's *subject matter jurisdiction* over a criminal complaint.   For these reasons, his jurisdictional claim fails.

### III.    Sealing Intercepted Communications

Petitioner next argues that the recordings and transcripts of the communications between himself and the agents were not sealed by the trial court in violation of federal and state electronic surveillance laws, 18 U.S.C. § 2518(1)(a) and Wis. Stat. § 968.30(7)(a), respectively, as well as his constitutional right to due process.   Section 2518(8)(a) requires that "[t]he contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device" and that recording "shall be done in such a way as will protect the recording from editing or other alterations."   That section further provides that "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions."   Section 2518 further has an explicit exclusionary remedy for noncompliance with the sealing requirement, which states that "[t]he presence of the seal

12

provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517." *See also United States v. Ojeda Rios*, 495 U.S. 257, 260 (1990).   Wisconsin has a substantially similar counterpart in § 968.30(7)(a).

As an initial matter, petitioner's claim for relief is again barred by the doctrine of procedural default because he never presented it clearly in state court.   While petitioner claims that he raised this claim in his *Knight* petition by citing 18 U.S.C. § 2518(8)(a), a review of that petition reveals only a broad allegation that the communications were intercepted "in absolute violation of 18 U.S.C. § 2518(7)(b), (8)(a), (9), (10)(a)(1)." (Dkt. #28-9 at 13.)   To satisfy the "fair presentment," it is not enough to merely cite a statutory provision.   Petitioner must at least develop an argument regarding how an alleged error implicated petitioner's constitutional rights.   Indeed, fair presentment in state court requires that a petitioner present "both the operative facts and controlling law" relevant to his claim, as well as an analysis of the "constitutional nature of the claim." *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006).   Nowhere in his *Knight* petition did petitioner develop any argument regarding the court's failure to place communications under seal, let alone that that failure violated his constitutional right to due process. Instead, his *Knight* petition focused on arguments that the communications should have been suppressed because the recordings were warrantless and made without his consent. Thus, petitioner failed to properly present his "failure to seal" claim to the Wisconsin Court of Appeals.

13

Petitioner did claim a violation of § 2518(8)(a) in his petition for review to the Wisconsin Supreme Court, but only after the court of appeals had already issued a decision on his *Knight* petition.  (*See* dkt. #28-13 at 12-13.)  By that stage, it was too late.  *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) ("Presenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement.") (citing *Castille v. Peoples*, 489 U.S. 349, 351 (1989)). Accordingly, this claim is barred by the doctrine of procedural default.[2]

## IV.    Evidence Relevant to the Conspiracy and Attempt Charges

Petitioner contends that after the state circuit court dismissed the conspiracy charges against him, the court should then have excluded all of the evidence related to the conspiracy charges, which should have then resulted in the remaining attempt charges being dismissed.   He further argues that the circuit court's failure to exclude evidence or dismiss the attempt charges violated his due process rights.

This claim, too, is barred by the doctrine of procedural default.   Petitioner never filed a motion in circuit court seeking dismissal of the attempt charges on the grounds he now argues.   The only motion he filed for dismissal of the attempt charges was based on the argument that the interception of his communications with the agents violated

---

[2] Even if this claim were not procedurally defaulted, it, too, would fail on the merits, as the Seventh Circuit has concluded that the requirements for sealing under 18 U.S.C. § 2518(8)(a) do not apply to recordings of communications intercepted with consent of one of the parties.  *See United States v. Craig*, 573 F.2d 455, 479-80 (7th Cir. 1977) ("[C]onsensual interceptions are significantly different from non-consensual interceptions, and [] nothing in the Act or its legislative history indicates that the recordings of consensual interceptions were intended by Congress to be subject to 18 U.S.C. s 2518(8)(a).")   Additionally, petitioner failed to develop any

Wisconsin's Electronic Surveillance Control Act.   After that motion was denied, petitioner never revisited his motion to dismiss the attempt charges, nor did he *ever* move to suppress any evidence on alternative grounds.   Petitioner also never raised the argument on appeal or in his post-conviction motions.   Thus, petitioner has defaulted this claim.

To the extent petitioner is actually attempting to raise an ineffective assistance of counsel claim based on his trial counsel's failure to seek dismissal of the attempt charges on preclusion grounds, petitioner did raise *that* claim in his *Knight* petition.   (*See* dkt. #28-9 at 3.)   However, the Wisconsin Court of Appeals rejected that ineffective assistance claim after concluding that a motion to dismiss the attempt charges on preclusion grounds would have been meritless.   *See Ohlinger*, 2010AP1413-W (Wis. Ct. App. Feb. 10, 2011) (dkt. #28-12).   The court further explained that preclusion principles did *not* apply because the conspiracy and attempt charges were based on distinct theories of criminal liability.   Thus, unlike in the cases cited by petitioner, he had not been *acquitted* of conspiracy charges that were based on the *same* actions and theories as the attempt charges.   *Id.*

In conducting this analysis, the court of appeals' correctly applied the relevant standard for ineffective assistance claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel *and* actual prejudice as a result of the alleged deficiency.   *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).   "Unless a

---

argument as to how a failure to seal the recordings deprived him of due process.

defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

Here, the court of appeals reasonably concluded that counsel's performance was not deficient, nor had petitioner suffered any prejudice in light of the fact that the argument petitioner faulted his counsel for omitting would have been meritless. Because the Wisconsin Court of Appeals reasonably applied the correct constitutional standard, petitioner's claim of ineffective assistance fails.

## V.    Ineffective Assistance of Counsel

Petitioner's final claim is that his trial and postconviction counsel were ineffective in failing to argue that the recordings and transcripts of his conversations with the undercover agents, as well as other evidence, should be suppressed based on hearsay and other rules of evidence. As with his other claims, this claim is barred by the doctrine of procedural default because petitioner failed to raise it on direct appeal or in his *Knight* petition. Indeed, even when raising it for the first time in his § 974.06 motion, petitioner provided no adequate explanation for his failure to raise the arguments sooner. Both the circuit court and court of appeals, therefore, correctly concluded that the claims were procedurally defaulted under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). Because there is an independent and adequate state procedure that resolves petitioner's claim, petitioner cannot obtain relief in a federal habeas petition. *See Warren*

16

*v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013).

Petitioner's ineffective assistance claim also fails on the merits.  After concluding that petitioner's claim was barred by *Escalona-Naranjo,* the Wisconsin Court of Appeals went on to explain that the recordings and transcripts were *not* inadmissible hearsay or inadmissible co-conspirator statements because they were non-hearsay admissions *by petitioner* used to show intent and were independently relevant to the non-dismissed charges.  *See Ohlinger*, No. 2012AP448 (Wis. Ct. App. Feb. 27, 2013) (dkt. #28-20). The court of appeals concluded that because a motion to suppress the statements on the grounds pressed by petitioner would have been meritless, counsel was not ineffective for failing to make such a motion.

This court agrees with the Wisconsin Court of Appeals' analysis.  More importantly, the court of appeals reasonably applied the correct standard set forth in *Strickland*, 466 U.S. 668, concluding that petitioner had failed to show deficient performance or prejudice.  For all of these reasons, petitioner's final claim of ineffective assistance fails.

## VI.    Certificate of Appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case for the reasons already stated.   Instead, the court concludes that petitioner's claims are barred by procedural default and petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court.   Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner John David Ohlinger's habeas corpus petition is

18

DENIED and this matter is DISMISSED.   A certificate of appealability  is DENIED.   If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 6th day of April, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge