IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN DAVID OHLINGER,

        Petitioner,      OPINION and ORDER

 v.

                       11-cv-799-wmc

WILLIAM POLLARD, Warden,
Dodge Correctional Institution,

        Respondent.

---

On April 6, 2017, the court denied petitioner John David Ohlinger's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #109.) Ohlinger had challenged his judgment of conviction in Racine County Case No. 02CF224 for attempted first-degree sexual assault of a child and child enticement, each as a persistent child sex offender. On July 26, 2017, Ohlinger filed a motion reconsideration (dkt. #127), which will be denied.

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Insurance Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Similarly, relief from a judgment is available under Federal Rule of Civil Procedure 60(b)(1) on the basis of "mistake,

1

inadvertence, surprise, or excusable neglect." Ohlinger is not entitled to reconsideration or relief from judgment under either Rule.

Here, to the extent Ohlinger is seeking relief under Rule 59(e), that motion is untimely. Ohlinger did not file his motion for reconsideration until July 26, 2017, more than three months after the court's April 6, 2017, judgment. Therefore, his motion was untimely and must be denied for that reason. Regardless, he has not identified an error of law or fact that warrants reconsideration under either Rule 59 or 60. Although Ohlinger states that the court did not separately evaluate his "actual innocence" argument in denying his petition, Ohlinger's actual innocence argument did not rely on "new reliable evidence" that was not presented at trial, and instead rehashed his disagreement with the outcome. *See Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016). As such, Ohlinger's actual innocence claim is a non-starter and would not form a basis for this court to alter its decision that his petition must be dismissed.

ORDER

IT IS ORDERED that petitioner John David Ohlinger's motion for reconsideration (dkt. #127) is DENIED.

Entered this 7th day of February, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge